**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Crim. No. 10-00034-P-S** |
| **v.** | ) | |
| | ) | |
| **JUDITH SCHICKLE** | ) | |

**PROSECUTION VERSION**

If this case were to proceed to trial, the United States would prove the following facts beyond a reasonable doubt:

The Varney Crossing Nursing Care Center (hereinafter “Varney Crossing”) and MaineCare are each a “health care benefit program” as defined in Title 18, United States Code, Section 24(b).

Defendant Judith Schickle was hired by Varney Crossing in about August 2000 to work as the Bookkeeper. The defendant’s starting hourly rate of pay was $11.25. In her capacity as Bookkeeper, the defendant’s duties included managing accounts payable and payroll for Varney Crossing employees.

In mid-2002, Varney Crossing instituted a leave policy known as Earned Benefit Time (“EBT”). Employees accrued EBT based on the number of hours worked multiplied by an EBT ratio. The sum of the hours worked and the ratio resulted in the available hours an employee could take as paid leave. Earned EBT time included both vacation leave and sick leave. Employees were eligible to cash out unused EBT time and receive payment instead of leave. When an employee cashed out EBT time, the amount was typically added to the employee’s weekly payroll check.

The payroll system at Varney Crossing required all hours worked and EBT time cashed out to be charged to a particular department. These departments included "Administration-Other," "Certified Nursing," Housekeeping," and "Registered Nursing." Varney Crossing is reimbursed by MaineCare for nursing expenses. As a Bookkeeper, the defendant's job duties fell under the "Administration-Other" department. The defendant's job duties did not include nursing.

Between about early 2002 and April 2005, the defendant developed and executed a scheme to defraud Varney Crossing and MaineCare. Specifically, she used her position as Bookkeeper to access to the computer system used at Varney Crossing to record rates of pay and accrued EBT time and made repeated manual changes to her rate of pay and accrued EBT that resulted in overpayments to the defendant. Specifically, the Government's evidence would prove the following facts about the development and execution of the scheme.

1. During her term of employment with Varney Crossing, the defendant was entitled to pay raises of up to four percent annually. However between about September 2000 and about April 2005, the defendant used her position as Bookkeeper to provide herself with multiple unauthorized pay raises above the scheduled four percent maximum. Consequently, her hourly rate of pay increased from $11.25 in about September 2000 to more than $22.00 per hour by about June 2004.

2. During her employment with Varney Crossing, the defendant cashed out EBT time that she had not earned and charged this EBT time to a Varney Crossing department in which she did not work. The below chart summarizes some of the unauthorized EBT payments the defendant made to herself:

| Date | Number of EBT Hours Cashed Out | Department Charged for EBT Hours | Amount Paid to Defendant |
|---|---|---|---|
| November 1, 2003 | 20 | Registered Nursing | $497.80 |
| January 10, 2004 | 20 | Certified Nursing | $309.80 |
| April 3, 2004 | 30 | Certified Nursing | $467.70 |
| August 21, 2004 | 30 | Licensed Nursing | $677.70 |
| October 2, 2004 | 70 | Registered Nursing | $1,581.30 |
| October 16, 2004 | 100 | Registered Nursing | $2,259.00 |
| October 30, 2004 | 65 | Registered Nursing | $1,468.35 |
| January 22, 2005 | 120 | Certified Nursing | $2,350.80 |

3. Between not later than early 2003 until April 2, 2005, the defendant cashed out hundreds of hours of EBT time to which she was not entitled and billed that time to "Administration-Other." Between September 2, 2000, and April 6, 2005, the defendant was paid for approximately 3,139 EBT or other leave hours. The Government's evidence would establish that this number greatly exceeds the EBT and other leave hours the defendant was entitled to accrue.

4. In its course of business, Varney Crossing ran one payroll per week. If there were errors or adjustments to this payroll, employees would be paid through a supplemental payroll. As part of the scheme, the defendant regularly paid herself through the regular payroll and a supplemental payroll. In the regular payroll, the defendant included her regular worked hours and some EBT cash outs. In the supplemental payroll, the defendant included additional unauthorized EBT cash outs. The below chart summarizes a portion

of the Government's evidence involving payments to the defendant through the use of multiple payrolls:

| **Date** | **Hours Claimed in Regular Payroll (Regular Hours/EBT Hours)** | **Hours Claimed in Supplemental Payroll (EBT Hours)** |
|---|---|---|
| October 2, 2004 | 40/10 | 70 |
| October 9, 2004 | 40/15 | 60 |
| October 16, 2004 | 40/12 | 100 |
| October 30, 2004 | 19.25/40 | 130 |
| January 22, 2005 | 40/30 | 120 |
| March 19, 2005 | 40/20 | 60 |

The Government's evidence would also establish that the defendant knowingly and willfully used her position as Bookkeeper to cash out Earned Benefit Time and received payments to which she was not entitled from the Varney Crossing Nursing Care Center -- a health care benefit program as defined in Title 18, United States Code, Section 24(b) -- on the following dates, which correspond to counts two through four of the Indictment:

| **Count** | **Week Ending** | **Pay Date** | **Amount of Unauthorized Payment** |
|---|---|---|---|
| Count Two | March 12, 2005 | March 16, 2005 | $416.80 |
| Count Three | March 19, 2005 | March 23, 2005 | $1,567.20 |
| Count Four | March 26, 2005 | March 30, 2005 | $391.80 |

Dated at Portland, Maine this 23rd day of August, 2010.

Respectfully submitted,

Thomas E. Delahanty II
United States Attorney

/s/David B. Joyce
Assistant U.S. Attorney
United States Attorney's Office
100 Middle Street
Portland, ME 04101
david.joyce@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2010, I filed the Prosecution Version using the CM/ECF system, which will cause a copy to be sent to the following counsel:

John Webb, Esq.
Nichols, Webb & Loranger
110 Main Street, Suite 1520
Saco, ME 04072

/s/David B. Joyce
Assistant U.S. Attorney
United States Attorney's Office
100 Middle Street
Portland, ME 04101
david.joyce@usdoj.gov